FRANK H. FOSGATE, JR., APPELLANT, v. JUNE STRELECKI,. DIRECTOR OF THE DIVISION OF MOTOR VEHICLES,. STATE OF NEW JERSEY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 13, 1967—Decided January 10, 1968.

Before Judges KILKENNY, CARTON and FULOP.

*Mr. Charles J. Farley, Jr.,* argued the cause for appellant.

*Mr. Barry D. Goldman,* Deputy Attorney General, argued the cause for respondent (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

PER CURIAM. Fosgate was involved in a fatal accident on June 6, 1966 while driving a truck at Communipaw Avenue, in Jersey City, where Routes 1 and 9 meet Route 440. He was not charged with any violation of the motor vehicle or traffic acts. A technical charge of manslaughter was subsequently dismissed. However, the Division of Motor Vehicles conducted an administrative hearing and suspended his driving privileges for one year, upon its finding that Fosgate had failed to use "due caution and circumspection" under the circumstances, and was thereby guilty of "careless driving," in violation of *N. J. S. A.* 39:4–97. Fosgate appeals from the order of suspension. *R. R.* 4:88–8. We granted a stay pending disposition of his appeal.

■ There was sufficient evidence to support the finding of careless driving. Fosgate's attorney conceded that Fosgate was partly at fault for this unfortunate happening. There were mitigating circumstances brought about by storm conditions.

The complicating factor stems from the fact that Fosgate is now a member of the police force of Roseland, a relatively small municipality. He has been graduated from the police academy and intends to be a career policeman. Roseland's police force is entirely motorized. It has no foot patrolmen. Enforcement of the suspension may necessitate Fosgate's discharge and Roseland's loss of a needed policeman at a time when it is difficult to obtain police recruits.

■ The purposes of the license suspension and revocation provisions are both punitive and rehabilitative. The latter is hardly necessary in the case of an officer of the law, who is constantly reminded in the performance of his daily duties of the need of safety on the highways.

■ It seems to us that the public interest ought not to suffer by punitive action against Fosgate. He would be adequately punished by enforcing the suspension against his driving for personal business or pleasure, but without a prohibiting of his driving police vehicles in the performance of his duties as a policeman.

■ The period of suspension is not excessive in view of the fact that a fatality was involved. *Cf. Talocci v. Strelecki*, 93 *N. J. Super.* 567, 573 (*App. Div.* 1967).

The order of suspension is modified to the extent only that Fosgate may drive police vehicles during the period of suspension in the performance of his duties as a policeman.