**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3284-19

KRISTA L. HALEY,

     Petitioner-Appellant,

v.

NEW JERSEY MOTOR
VEHICLE COMMISSION,

     Respondent-Respondent.

_____

          Submitted February 10, 2021 – Decided March 5, 2021

          Before Judges Rose and Firko.

          On appeal from the New Jersey Motor Vehicle Commission.

          John Rue & Associates, LLC, attorneys for appellant (Saran Q. Edwards and John Rue, on the briefs).

          Gurbir S. Grewal, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Jennifer R. Jaremback, Deputy Attorney General, on the brief).

PER CURIAM

Krista L. Haley appeals from a March 11, 2020 final decision of the Motor Vehicle Commission (MVC), denying her petition to modify the mandatory ten-year suspension of her driver's license. Haley's license was suspended following her third and fourth convictions for driving while intoxicated (DWI) under N.J.S.A. 39:4-50 as then enacted. Contending a driver's license was necessary for her employment as an attorney with a Sussex County law firm, Haley sought an occupational driver's license (ODL) from the MVC. Haley did not request a hearing before the MVC.

On appeal, Haley raises the following points for our consideration:

I. [The MVC] Has The Authority To Grant Occupational Driver's Licenses, and Has Done So in the Past.

II. The Draconian Punishment Violates [Haley]'s Right to Equal Protection Pursuant to the [Fourteen]th Amendment Of The United States Constitution.

A. The Ten[-]Year Driving Suspension, Without an Opportunity to Apply for Either Reinstatement or an ODL, Has No Rational Basis.

1. The Valid Public Policy Concerns Within N.J.S.A. 39:4-50 Are Not At Issue.

2. New Jersey is an Outlier Nationwide.

3. In the Alternative, [Haley]'s Suspension Should be Limited to Eight Years.
(Not raised below)

III. Failure to Consider [Haley]'s Disabilities is a Violation of the Americans with Disabilities Act (ADA) and the New Jersey Law Against Discrimination (NJLAD).
(Not raised below)

For the first time in her reply brief, Haley alternatively seeks a remand for the MVC "to determine whether the facts of this case warrant issuance of a limited driver's license to Haley and, if so, the appropriate limitations." Unpersuaded by any of Haley's contentions, we affirm.

The facts are undisputed. Haley was convicted of DWI between 2010 and 2015 following separate incidents in four municipalities, as follows:

| | DATE OF CONVICTION | DATE OF ARREST | MUNICIPALITY | DRIVER'S LICENSE SUSPENSION |
|---|---|---|---|---|
| 1. | April 26, 2010 | October 25, 2009 | Bernardsville | Seven months |
| 2. | May 2, 2011 | April 4, 2009 | Morristown | Two years |
| 3. | September 18, 2015 | November 8, 2014 | Denville | Ten years |
| 4. | December 22, 2015 | August 29, 2014 | Upper Saddle River | Ten years |

3

Notably, the Upper Saddle River Municipal Court ran Haley's ten-year license suspension and 180-day jail term concurrently with those same penalties imposed by the Denville Municipal Court.[1] Haley's driving privileges are scheduled for reinstatement on December 19, 2025.

In her February 18, 2020 counseled petition to the MVC, Haley stated she suffered from major depressive disorder (MDD) and alcoholism during all four DWI violations. Haley claimed: those offenses "occurred as a direct result of a[n] MDD episode"; she commenced treatment for both conditions following her convictions in 2015; and she was sober for more than four years. Haley expressed "an essential need . . . to operate a motor vehicle" for employment purposes. In that regard, Haley asserted:

> Because her employer [law firm] relocated, [Haley] moved to Sparta Township, Sussex County in October 2018. There are no New Jersey Transit Locations in Sussex County.
>
> Since moving to Sparta, and as a direct consequence of the lack of available public transportation and her inability to drive, [Haley] has been unable to take any pro bono domestic violence cases. Because her employer, John Rue & Associates, LLC, practices in the area of education law, [Haley] has

---

[1] According to the driver history abstract included in the MVC's appendix, Haley was involved in motor vehicle accidents during the October 25, 2009 and August 29, 2014 incidents.

been able to do some pro bono work in this area; but this too has been severely curtailed since she moved.

Citing New Jersey Division of Motor Vehicles v. Egan, 103 N.J. 350 (1986), and Fosgate v. Strelecki, 103 N.J. Super. 435 (App. Div. 1968), Haley argued the MVC "ha[d] discretion to grant [her] request" for an ODL. Substantively, Haley contended the change in mandatory penalties under N.J.S.A. 39:4-50 following her convictions supported her request for an ODL with conditions. Haley claimed she was willing to: pay for the installation of an ignition interlock device on her car; "submit to periodic testing to prove her ongoing sobriety"; and "provide ongoing confirmation of her continuing participation in a twelve[-]step program and psychiatric treatment." Haley also argued the mandatory license suspension violated "her right to due process and equal protection."

In its cogent written decision, the MVC squarely addressed the issues raised in Haley's petition. Recognizing "[t]he State of New Jersey does not issue occupational driver's licenses," the MVC initially determined it lacked statutory authority to grant Haley's request. Next, the MVC distinguished the decisions in Fosgate and Egan from the facts of the present matter. For example, the MVC noted, unlike Haley's four DWI offenses, the DWI violation in Egan was a first offense and occurred in Ohio, which authorizes the issuance of ODLs. See 103

5

N.J. at 355-56; see also N.J.S.A. 39:5D-4(a) ("apply[ing] the penalties . . . of the State in which the violation occurred" for purposes of license suspension).

Addressing Haley's overall driving record, the MVC "note[d] she previously allowed her vehicle to become uninsured and has, in the past, operated her vehicle while her license was suspended." Finally, the MVC concluded the amendments to the DWI statute "did not provide for any retroactive application." This appeal followed.

In her first point on appeal, Haley acknowledges the New Jersey motor vehicle statutes do not provide for the issuance of ODLs. Notwithstanding the mandatory license suspension under N.J.S.A. 39:4-50(a)(3), Haley nonetheless contends the MVC is authorized to issue an ODL. In that context, Haley attempts to distinguish the mandatory terms of a license suspension under the DWI motor vehicle statute from mandatory penalties under the criminal code.

In point II (A)(1) and (2), Haley maintains the ten-year suspension of her driver's license "is a denial of fundamental due process and equal protection guaranteed by the federal and state constitutions." To support her argument, Haley argues her driver's license "is a necessity" because her ability to work "is severely restricted and at times, prevented" due to "the lack of public transportation within a reasonable distance from her residence."

6

We have considered these contentions in view of the record and applicable legal principles, and conclude they are without sufficient merit to warrant extensive discussion in a written opinion. R. 2:11-3(e)(1)(E). Pursuant to our "limited" standard of review, Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011), we affirm substantially for the reasons expressed in the MVC's decision, R. 2:11-3(e)(1)(D). In doing so, we determine the MVC's decision was not arbitrary, capricious, or unreasonable. Wnuck v. N.J. Div. of Motor Vehicles, 337 N.J. Super. 52, 56 (App. Div. 2001). We add only the following comments.

In 2015, at the time of Haley's sentencing on her third and fourth DWIs, N.J.S.A. 39:4-50(a)(3) (2014) mandated a term of imprisonment of "not less than 180 days," with certain qualifications, for third and subsequent convictions of DWI. The statute further provided such persons "shall thereafter forfeit [their] right to operate a motor vehicle over the highways of this State for [ten] years." In addition, the subsection of the statute required the installation of an ignition interlock device.

Four years later in 2019, the Legislature amended N.J.S.A. 39:4-50. Relevant here, the mandatory forfeiture of a driver's license was reduced from ten to eight years for third and subsequent violations. See L. 2019, c. 248;

7

N.J.S.A. 39:4-50(a)(3). But the duration of the mandatory installation of an ignition interlock device after license restoration was increased. N.J.S.A. 39:4-50.17. Chapter 248, L. 2019 became effective on December 1, 2019 and contains a "sunset provision" that will expire on January 1, 2024.

Although Haley correctly notes a DWI violation is not a criminal conviction, the driver's license suspension is nonetheless mandatory under N.J.S.A. 39:5-40. See Aponte-Correa v. Allstate Ins. Co., 162 N.J. 318, 325 (2000) (stating "[u]nder the 'plain meaning' rule of statutory construction, the word 'may' ordinarily is permissive and the word 'shall' generally is mandatory"); see also State v. Anicama, 455 N.J. Super. 365, 368 (App. Div. 2018) (holding "a third or subsequent DWI offender is ineligible for periodic service of the mandatory 180-day sentence" required by N.J.S.A. 39:4-50(a)(3)). Because the function of governmental agencies "is to enforce the law," State v. Osborn, 32 N.J. 117, 126 (1960), the MVC correctly concluded it was unauthorized by statute to issue Haley an ODL.

Nor are we persuaded that our decision in Fosgate requires a different result. More than fifty years ago, we modified an order of license suspension imposed by the Division of Motor Vehicles (DMV) following an administrative

hearing.[2] 103 N.J. Super. at 437. In <u>Fosgate</u>, a truck driver was involved in a fatal motor vehicle accident. <u>Id.</u> at 436. The DMV determined Fosgate "failed to use 'due caution and circumspection' . . . ." <u>Ibid.</u> Apparently, Fosgate thereafter became a police officer for "a relatively small municipality," whose police force "ha[d] no foot patrolmen." <u>Id.</u> at 436.

We recognized "the public interest ought not to suffer by punitive action against Fosgate[,]" when "[h]e would be adequately punished by enforcing the suspension against his driving for personal business or pleasure, but without a prohibiting of his driving police vehicles in the performance of his duties as a policeman." <u>Id.</u> at 437. Importantly, unlike the present matter, the DMV's suspension of Fosgate's driving privileges was discretionary.[3]

Finally, the issues Haley now raises in points II(A)(3) and III were not raised before the MVC. Ordinarily, we will not consider an issue never explicitly advanced as a claim before the agency, unless jurisdiction is

---

[2] The DMV was abolished in 2003 upon establishment of the MVC. <u>See</u> N.J.S.A. 39:2A-4.

[3] Moreover, in view of the ongoing COVID-19 pandemic, court appearances and legal work have been conducted virtually since about the time of the MVC's March 11, 2020 decision in this matter. Although we understand Haley's license is suspended until December 19, 2025, Haley has not countered the MVC's suggestion that she may avail herself of other options, such as ride share transportation.

implicated, or the matter concerns an issue of great public interest. See Zaman v. Felton, 219 N.J. 199, 226-27 (2014); Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973); Pressler & Verniero, Current N.J. Court Rules, cmt. 3 on R. 2:6-2 (2021). Neither exception is present here. Instead, the public interest militates against granting Haley an ODL. See State v. Frye, 217 N.J. 566, 582 (2014) (recognizing "New Jersey's strong public policy against drunk driving"). Accordingly, we will not consider Haley's belated contentions on this appeal.

Nor will we consider Haley's newly-minted request for a hearing before the MVC. An issue that is not addressed in a party's initial merits brief is deemed waived. See Drinker Biddle & Reath LLP v. N.J. Dept. of Law & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011). Indeed, it is improper for a party to use a reply brief to raise an issue for the first time or enlarge the main argument. See L.J. Zucca, Inc. v. Allen Bros. Wholesale Distribs. Inc., 434 N.J. Super. 60, 87 (App. Div. 2014). There is no serious dispute the belated administrative hearing Haley sought was unwarranted here, where the uncontroverted facts were sufficiently considered by the MVC.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3284-19